UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


RUFUS L. WILSON,

    Plaintiff,

vs.                                  Case No. 3:09-cv-273-J-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

    Defendant.
_____

## OPINION AND ORDER[2]

### I. Status

Rufus Lee Wilson is appealing the Social Security Administration's denial of his claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff's alleged inability to work is reportedly based on problems with his "[b]ack, neck, head[, and] shoulders," as well as "vertigo, dizziness, [and] constant pain[.]" Transcript of Administrative Proceedings (Tr.) at 338 (emphasis omitted).

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #16).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this Opinion and Order is available electronically. It is not otherwise intended for publication or to serve as precedent.

Mr. Wilson was eventually found not disabled by Administrative Law Judge (ALJ) William H. Greer on July 17, 2008. *Id.* at 18, 36-37. Claimant has exhausted the available administrative remedies and the case is properly before the Court. On appeal, he asserts "the ALJ made an improper credibility assessment[.]" Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #20; Memorandum) at 1, 9 (emphasis and capitalization omitted). Additionally, it is claimed "substantial evidence does not support the ALJ's rejection of the vocational expert's testimony that a hypothetical person with Wilson's limitation resulting from his vertigo can't work[.]" *Id.* at 1, 11 (emphasis and capitalization omitted).

## **II. Legal Standard**

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Abioro v. Astrue,* 296 F. App'x 866, 867 (11th Cir. 2008) (per curiam); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

**A. Credibility**

According to Plaintiff, "[b]ased upon the evidence as a whole, the ALJ made an improper credibility assessment concerning [his] testimony regarding the frequency and duration of his vertigo." Memorandum at 11.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]"  20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam); *Carr v. McMahon*, 481 F. Supp. 2d 1227, 1232 (N.D. Ala. 2007).  The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Russell v. Astrue*, 331 F. App'x 678, 682 (11th Cir. 2009) (per curiam); *Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated).  "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561; *see also Russell*, 331 F. App'x at 682; *Carr*, 481 F. Supp. 2d at 1230.

The judge cited 20 C.F.R. §§ 404.1529 and 416.929, along with SSRs 96-4p and 96-7p, *see* Tr. at 26, and his discussion reveals application of the pain standard. He found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment[.]" Tr. at 28. Concerning the complaints of vertigo, the ALJ included a detailed discussion of medical records, *see id.* at 29-30, 32-33, and gave explicit reasons for according "[l]ittle weight" to Plaintiff's testimony. *Id.* at 32. He determined Mr. Wilson's "reports to doctors have been inconsistent" and stated that, although Claimant explained his "accident occurred while he was working, he has not submitted any documentation that indicates that he has filed for or been evaluated for a workmen's compensation claim." *Id.*

Claimant's bare assertion quoted at the beginning of this discussion constitutes his entire "argument" as to credibility. Apart from reciting legal standards, he merely states his opinion the judge's assessment was "improper[.]" Memorandum at 11. As Plaintiff declines to provide a single reason for this conclusion

- 5 -

and mounts no attack upon the ALJ's rationale, his submission would not generally merit further inquiry.[4]

Counsel has been alerted on other occasions of the need for development of his arguments. *Cf., e.g., Henderson v. Comm'r of Soc. Sec.*, No. 09-12457, 2009 WL 3842754, at *1 (11th Cir. Nov. 18, 2009) (per curiam) ("In this case, [the plaintiff] does not explain how the absence of a mental [Residual Functional Capacity (RFC)] assessment from the record precluded the ALJ from making an informed disability determination. Nor does she explain how such an assessment would have affected the ALJ's overall disability determination."); *Newberger v. Comm'r of Soc. Sec. Admin.*, 293 F. App'x 710, 713 (11th Cir. 2008) (per curiam) (Claimant "makes only a bare assertion of prejudice."). Indeed, the Court has more than once remarked upon the inadequacy of counsel's presentation of issues. *See, e.g., Lee v. Astrue*, No. 3:08-cv-673-J-HTS, 2009 WL 635812, at *2 n.4 (M.D. Fla. Mar. 10, 2009) (finding, in part, the plaintiff's "unelaborated assertion . . . unpersuasive, and" observing "no challenge is brought against the underlying evidentiary justification for the observations"); *Parrish v. Astrue*, 618 F. Supp. 2d 1366, 1370 (M.D. Fla. 2008) ("She develops

---

[4] Quoting, within a brief's Medical Evidence section, excerpts from two medical records dated a few months apart, *see id.* at 9, is also plainly insufficient to raise or develop an issue.

no argument in this regard, other than to suggest parenthetically
. . . .").

In an attempt to encourage satisfactory briefing, the Court has reminded counsel that, while it will address all arguments offered in furtherance of a conclusion,

> it need not take upon itself the responsibility of attempting to develop lines of argument that counsel has omitted from his brief. *See, e.g., Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (issues presented in perfunctory manner deemed waived); *Gutierrez v. Barnhart*, 109 F. App'x 321, 324 (10th Cir. 2004) (arguments must be articulated with specificity to be raised adequately); *Schneider v. Barnhart*, No. 06-63-B-W, 2006 WL 3519311, at *3 (D. Me. Dec. 6, 2006); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004) (citing *Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001)); *Setian v. Apfel*, 110 F. Supp. 2d 24, 26 n.2 (D. Mass. 2000).

Opinion and Order (Doc. #19), entered in Case No. 3:06-cv-567-J-HTS, at 6 n.5; *see also* Opinion and Order (Doc. #27), entered in Case No. 3:04-cv-1098-J-HTS, at 6 n.4. The Memorandum herein displays yet another example of an issue insufficiently raised.

Despite the foregoing, even the Court's initial perusal of the Decision has revealed the judge's credibility analysis was seriously flawed, contrary to the Commissioner's position that "substantial evidence supports the ALJ's finding that Plaintiff's allegations . . . were not credible and the ALJ provided adequate reasons for his finding[.]" Memorandum in Support of the Commissioner's Decision (Doc. #21) at 6-7. Thus,

under the particular circumstances of this case, the ALJ's rationale will be discussed and, ultimately, the matter remanded.

The first reason given, that "because it appears . . . his pecuniary interest has outweighed his objectivity, [Claimant's] reports to doctors have been inconsistent[,]" Tr. at 32, lacks support in the Decision's review of medical documentation. The ALJ stated "[t]here are indications in the record that the claimant's positional vertigo is intermittent, and can be controlled by the use [of] techniques that the claimant has been taught and has been able to apply[.]" *Id.* at 29; *cf. id.* at 612, 1274. *But cf., e.g., id.* at 1614 (problem "has improved with the home maneuvers but has not completely resolved"). "However," he continued,

> the record contains related allegations of dizziness from May 2004 through August 2006[] that demonstrate ongoing[] occurrences. While a consultative examination in December of 2004, revealed no complaints of positional vertigo, at a consultative examination on May 24, 2007, the claimant reported that he had been prescribed the medication meclizine for it, but he did not feel that it worked and let his prescription run out. He stated that episodes of lightheadedness occurred about every day, and that he had severe spinning episodes three times a year and that they last for 15-20 minutes each. The claimant reported that he became dizzy when moving from a supine position up to a sitting position during the exam, however his symptoms passed after a minute or so.

*Id.* at 29 (citations to record omitted).

The Court fails to see how these records show Plaintiff's "pecuniary interest" led him to be untruthful with the physicians. That his condition was sometimes described as better and sometimes

as worse is hardly unusual or proof of misrepresentation. The judge does not specify where in the 2,431-page record the "consultative examination [conducted] in December of 2004[ that] revealed no complaints of positional vertigo" appears. *Id.* Perhaps he is referring to the December 16, 2004, evaluation performed by Dr. Eftim Adhami. *See id.* at 293A-94. The report notes a May 2004 motor vehicle accident and reflects Plaintiff's chief complaint as of the examination was pain, including headaches. *See id.* at 293A. While it is true there is no mention of vertigo in the brief written report and the ALJ was entitled to view this fact as relevant, the doctor's not conveying the symptom as a primary complaint is far from a sufficient reason to determine subsequent allegations of vertigo are lacking in veracity.

Moreover, as the judge himself acknowledged, *see id.* at 29, it is not as though complaints of dizziness or vertigo only surfaced after December 2004. *See, e.g., id.* at 195, 197, 286, 291-92 (August 2004); *id.* at 218 (May 2004); *id.* at 220 (undated, but contained in group of records predating December 2004). Apparently, pursuant to Claimant's accounts, the symptoms were not continuously a problem but recurred, with "worsening episodic dizziness since June 2005" as of September of that year. *Id.* at 472, 641. In September 2006, in apparent disregard of his "pecuniary interest," he "[c]laim[ed the] vertigo is getting better

with decrease[d] frequency of episodes." *Id.* at 511; *see also id.* at 590. He admitted another such attenuation, at least concerning "*severe* vertigo episodes[,]" in October 2007. *Id.* at 1060, 1104 (emphasis added); *cf. id.* at 1127 (noting "increasing ep[]isodes of dizziness and lightheadedness"), 1146.[5]

The judge's other articulated reason for discounting credibility, that although Plaintiff's "accident occurred while he was working, he has not submitted any documentation [indicating] he has filed for or been evaluated for a workmen's compensation claim[,]" *id.* at 32, is also unjustified. The matter was addressed at the December 5, 2006, hearing, before a different ALJ and Mr. Wilson clearly testified his employer "didn't have workers' comp." *Id.* at 2394. If the judge was not satisfied with Claimant's response, he should have probed further, not simply discredited him on the basis of what would seem a satisfactory explanation that was not rejected by the former ALJ. *See id.* at 70-79; *cf. id.* at 2394 (insurance claim being pursued concerning the accident). Further, the present judge does not specifically indicate he disbelieved Plaintiff's testimony in this regard, so it may well be he overlooked it when preparing the Decision.

---

[5] At the time of the hearing in May 2008, Mr. Wilson testified he was having dizziness "basically every day[.]" *Id.* at 2417. Plaintiff had been told "[t]he records show [he had] dizziness [that had] gone away and then it came back[,]" *id.*, and it is not clear his testimony addresses other than his contemporaneous condition.

- 10 -

In light of the foregoing, the instant case will be remanded. The ALJ will be instructed to reevaluate Plaintiff's credibility and, as a result, reassess the functional limitations associated with his vertigo/dizziness.

**B.  Rejection of Vocational Expert (VE) Testimony**

Claimant next quotes a fairly lengthy excerpt of hearing testimony, *see* Memorandum at 11-13, sets forth legal authority, and states "the VE testified that significant vertigo, such as [his,] precludes work."  *Id.* at 13.

Interestingly, the propositions of law cited by Mr. Wilson do not relate to a requirement that VE testimony be accepted.  Rather, he specifies when "[a] vocational expert's response to a hypothetical question may be relied upon," that such testimony is not considered substantial evidence unless the question is adequate, and that VE opinions are "highly valued and commonly obtained[.]"  *Id.* (internal quotation marks omitted).  Further, the ALJ does not seem to have rejected the expert's testimony, and explicitly made his determination "[b]ased on the testimony of the vocational expert[.]"  Tr. at 36.

Because the ALJ did not accept the degree of limitation attributable to dizziness described by the VE as precluding employment in the positions he had enumerated, *see id.* at 2429 (alluding to frequent "vertigo [that] happened to such an extent

that it interrupted the work process"), he did not have occasion to reject this aspect of the testimony. Thus, whereas Plaintiff's statement of the issue targets "the ALJ's rejection of the [VE's] testimony[,]" Memorandum at 1, 11 (emphasis and capitalization omitted), the judge's residual functional capacity finding would have been a more fitting object of attack. Instead, as with the first issue, Claimant's purported analysis consists of one unelaborated sentence that itself fails to demonstrate error. By focusing entirely on the VE's response to a hypothetical containing a limitation not accepted by the judge, it is as though Plaintiff overlooks the introductory sentence to the credibility section of his own brief. *See id.* at 9 ("[T]he ALJ . . . did not find Plaintiff . . . credible regarding his testimony as to the frequency and significanc[e] of [his] vertigo."); *cf.* Tr. at 28. The judge not having committed obvious error in declining to rely on an opinion premised on limitations beyond the assessed RFC, the instant remand will be limited to the first issue discussed. Of course, if a review of Claimant's credibility results in the recognition of additional restrictions, the VE's answers may need to be revisited or further expert testimony obtained.

## IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C.

§ 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **REVERSING** the Commissioner's decision and remanding with instructions to 1) reevaluate Mr. Wilson's credibility; 2) reassess the functional limitations associated with Plaintiff's vertigo/dizziness; and 3) conduct any other proceedings deemed appropriate.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of December, 2009.

/s/ Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
　　and pro se parties, if any